FILED
7/20/2017 3:26 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

CAUSE NO.: _____  **2017CI13247**

| | | |
|---|---|---|
| **BOBBI KING, attorney-in-fact and/or** | § | **IN THE DISTRICT COURT OF** |
| **authorized representative for the heirs of** | § | |
| **ROBERT SIDNEY MOSLEY, SR., Deceased** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEPUTY K. PONTON – Badge #2794** | § | |
| **(in his/her official capacity);** | § | |
| **CPL. C. JENKINS – Badge #1755** | § | |
| **(in his/her official capacity);** | § | |
| **DEPUTY S. MACAULEY – Badge #2899** | § | |
| **(in his/her official capacity);** | § | |
| **SGT. K. BROWN – BADGE #1540,** | § | |
| **(in his/her official capacity);** | § | |
| **SGT. M. MCALLISTER – BADGE #1650** | § | |
| **(in his/her official capacity);** | § | |
| **HENRIETTA JOHNSON, LVN;** | § | |
| **(in his/her official capacity);** | § | |
| **MADELINE GOEDDE, RN;** | § | |
| **(in his/her official capacity);** | § | **BEXAR COUNTY, T E X A S** |
| **AWAIS SHEIKH, M.D.;** | § | |
| **(in his/her official capacity);** | § | |
| **TONY MOORE, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **RICHARD SOLOMON, RT;** | § | |
| **(in his/her official capacity);** | § | |
| **ADRIAN VELAZQUEZ, RT;** | § | |
| **(in his/her official capacity);** | § | |
| **KEENA PATEL, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **SARAH MCVICAR, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **SULEMAN LAKHANI, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **MARVIN SAENZ, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **JOHN MORRISON, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **UNIVERSITY HOSPITAL;** | § | |
| **BEXAR COUNTY, TEXAS; AND** | § | |
| **BEXAR COUNTY SHERIFF'S OFFICE** | § | 131____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

BOBBI KING, attorney-in-fact and/or authorized representative for the heirs of Robert Sydney Mosley, Sr., deceased, the plaintiff in this action, complains of DEPUTY K. PONTON – Badge #2794 (in his/her official capacity); CPL. C. JENKINS – Badge #1755 (in his/her official capacity); DEPUTY S. MACAULEY – Badge #2899 (in his/her official capacity); HENRIETTA JOHNSON, LVN; (in his/her official capacity); MADELINE GOEDDE, RN; (in his/her official capacity); AWAIS SHEIKH, M.D.; (in his/her official capacity); TONY MOORE, RN; (in his/her official capacity); RICHARD SOLOMON, RT; (in his/her official capacity); ADRIAN VELAZQUEZ, RT; (in his/her official capacity); KEENA PATEL, RN; (in his/her official capacity); SARAH MCVICAR, RN; (in his/her official capacity); SULEMAN LAKHANI, RN; (in his/her official capacity); MARVIN SAENZ, RN; (in his/her official capacity); JOHN MORRISON, RN; (in his/her official capacity); UNIVERSITY HOSPITAL; BEXAR COUNTY, TEXAS; and BEXAR COUNTY SHERIFF'S OFFICE,  the defendants in this action, and for cause of action shows the following:

1. **Discovery Control Plan Level**.  Plaintiff intends that discovery be conducted under Discovery Level 3.

2. **Parties and Service.**  Plaintiff, Bobbi King, an Individual whose address is 2272 West Roosevelt Avenue, Coolidge, AZ 85128, brings this action as the attorney-in-fact and/or authorized representative of the Heirs of Robert Sidney Mosley, Sr. deceased. Therefore, the plaintiff brings this action pursuant to *Section 71.004 of the Civil Practice and Remedies Code* of Texas on behalf of the following beneficiaries:

| Name | Relationship to Decedent |
|---|---|
| Louise Mosley | Mother |
| Robert Sydney Mosley, Jr. | Son |
| Vincent Mosley | Son |
| Felicia Mosley | Daughter |

3.      As used herein, "Plaintiff" shall include not only named Plaintiff, but also persons whose claims are being represented by a Plaintiff.

4.      Defendant, Deputy K. Ponton – Badge #2794 (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

5.      Defendant, Cpl. C. Jenkins – Badge #1755 (in his/her official capacity); is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

6.      Defendant, Deputy S. Macauley – Badge #2899 (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

7.      Defendant, Sgt. K. Brown – Badge #1540, (in his/her official capacity); is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

8.      Defendant, Sgt. M. McAllister – Badge #1650 (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

9.      Defendant, Henrietta Johnson, LVN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known address

located at 6321 Beech Trail, Converse, Texas 78109.  Service of said Defendant as described above can be effected by personal delivery.

10.     Defendant, Madeline Goedde, RN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

11.     Defendant, Awais Sheikh, M.D. (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

12.     Defendant, Tony Moore, RN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

13.     Defendant, Richard Solomon, RT (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

14.     Defendant, Adrian Velazquez, RT (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

15.     Defendant, Keena Patel, RN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment

located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

16.     Defendant, Sarah Mcvicar, RN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

17.     Defendant, Suleman Lakhani, RN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

18.     Defendant, Marvin Saenz, RN, (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

19.     Defendant, John Morrison, RN (in his/her official capacity) is an individual residing in the State of Texas and may be served with citation at his/her last known place of employment located at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

20.     University Hospital, may be served with process by serving its Director of Administrator at 4502 Medical Drive, San Antonio, TX 78229.  Service of said Defendant as described above can be effected by personal delivery.

21.     Defendant Bexar County, may be served with process by serving its County Judge, Nelson W. Wolff, at Paul Elizondo Tower, 101 W. Nueva, 10th Floor, San Antonio, Texas 78205-3482.  Service of said Defendant as described above can be effected by personal delivery.

22.     Defendant Bexar County Sheriff's Office, may be served with process by serving its Sheriff, Javier Salazar, at 200 North Comal Street, San Antonio, Texas 78207.  Service of said Defendant as described above can be effected by personal delivery.

23.     **Jurisdiction and Venue.**     The subject matter in controversy is within the jurisdictional limits of this court.

24.     Plaintiff seeks:

        a.     monetary relief over $1,000,000.00

25.     This court has jurisdiction over the parties because Defendants are Texas residents.

26.     Venue in Bexar County is proper in this cause.

27.     **Waiver of Governmental Immunity**.  Plaintiff invokes the doctrine of waiver of governmental immunity against the Defendants for the intentional tort claims in that the personal injury to the Plaintiff was caused by employee(s) of the Defendants, due to the Defendants departmental policy, negligent for failing to adequately train and supervise its officers.

28.     Sovereign immunity is waived in this suit as this action, in part, is an action for violation of constitutional rights.

29**.     Notice.**          Prior to the filing of this lawsuit, and within six months from the date of the occurrence described in this petition, the plaintiff presented notice of her claim to Bexar County and Bexar County Sheriff's Office, as prescribed by the Texas Tort Claims Act. A true copy of the notice is attached as Exhibit A and incorporated by reference.

30.     Alternatively, Plaintiff will show that at all relevant times, the defendants have had actual notice of the plaintiff's claim and cause of action because the incident forming the basis of this action was investigated by the Bexar County Sheriff's Office by then Sheriff, Susan Pamerleau, in the discharge of her official duties. As a result of that investigation, Bexar County and Bexar County Sheriff's Office acquired full, complete, and actual knowledge of the

occurrence giving rise to the plaintiff's cause of action and that the plaintiff was asserting a claim based on the occurrence.

31**.**   **Employees Acted in Scope of Employment.**   At all times material, all of the agents, servants, and employees of the defendants, Bexar County, Bexar County Sheriff's Office, and/or University Hospital, who were in any way connected with the occurrence were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

32.   **Respondeat Superior**.   Defendants, University Hospital, Bexar County and Bexar County Sheriff's Office, were responsible for all damages resulting the negligent acts and/or omissions of their agents, servants, and/or employees.

33**.**   **Facts.**   On or about July 22, 2015, decedent, Robert Mosley, surrendered himself into the custody of the Bexar County Sheriff's Office for an outstanding warrant issued for decedent's failure to appear on a 2003 arrest for Driving Under the Influence.  Decedent, Robert Mosley, was processed and jailed in the Bexar County Jail in the general population until he began exhibiting signs of withdrawal and was placed in a detoxification unit, along with eight (8) other inmates, on or about July 25, 2015.  On or about July 25, 2015, a cellmate purportedly reported that decedent was exhibiting signs of delusion and hallucinations.  Sometime after being transferred to the detoxification unit, it is alleged and believed that decedent was either pushed by another inmate and/or suffered a severe fall that resulted in injury to his right hip and leg. Bexar County jail personnel failed to appropriately respond when decedent began complaining of pain in his right hip and ultimately died from complications due to his injuries.

34.   **Negligence of Bexar County and Bexar County Sheriff's Office**.   On or about July 25, 2015, Bexar County jail personnel claim that decedent was provided medical treatment for his complaints of pain.  Decedent began complaining of his hip hurting at approximately 5:00 p.m. on July 25, 2015.  Decedent was transported to the medical unit at approximately 7:00 p.m.

He was purportedly examined and given pain medication before being returned to his cell at approximately 8:00 p.m.  Approximately twelve (12) hours later, on or about July 26, 2015, Bexar County jail personnel claim that decedent was found unresponsive in his jail cell.  On or about July 22, 2015, and at all times relevant through July 26, 2015, personnel at the Bexar County Jail were required to keep decedent, Robert Mosley, safe and free from physical injury or harm.  Despite the fact that decedent began exhibiting signs of withdrawal prior to being moved to the detoxification unit and later reports from other inmates that decedent was behaving strangely (i.e. talking to himself and hallucinating), Defendants were deliberately indifferent to protecting decedent from harm and failed to prevent said harm, further failing to provide urgently needed medical care for decedent and violating decedent's Eighth Amendment constitutional rights.  On or about July 22, 2015, and at all times relevant through July 26, 2015, pursuant to the rules and regulations of the Texas Commission on Jail Standards under the Texas Administrative Code, personnel at the Bexar County Jail were required and obligated under Section 275.1 to "have an established procedure for documented, face-to-face observation of all inmates by jailers no less that once every 60 minutes.  Observation shall be performed at least every 30 minutes in areas where inmates known to be assaultive, potentially suicidal, mentally ill, or who have demonstrated bizarre behavior are confined.  Despite their knowledge of this duty, Defendants failed to meet this requirement and conduct a face-to-face of decedent.  On or about July 22, 2015, and at all times relevant through July 26, 2015, Defendants, Bexar County and Bexar County Sheriff's Office, were required to train its jail personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm, or death. Despite their knowledge of this duty, Defendants failed to meet this requirement.  On or about July 22, 2015, and at all times relevant through July 26, 2015, personnel at the Bexar County Jail were required to screen and evaluate the mental status of

persons placed in custody.  Despite their knowledge of this duty, Defendants failed to meet this requirement.

35.     On or about July 25, 2015, upon finding decedent unresponsive in his jail cell. Bexar County jail personnel failed to timely and appropriately administer CPR and other life-saving treatment.  On or about July 25, 2015, Bexar County jail personnel failed to timely request life-saving medical treatment.  On or about July 25, 2015, Bexar County jail personnel failed to timely transport decedent for the administration of timely and appropriate life-saving medical treatment.

36.     **Negligence of University Hospital**.  Defendant University Hospital, provided medical care and treatment to decedent, Robert Sydney Mosley, Sr.  Plaintiff alleges that the Defendant, University Hospital acting through its directors, officers, employees and agents, violated the duty of care it owed to decedent, Robert Sydney Mosley, Sr., to exercise that degree of care, skill, supervision, and diligence ordinarily possessed and used by other hospitals under the same or similar circumstances.  To the extent that the Plaintiff is unable to fully or accurately describe the specific acts or omissions on the part of the Defendant that caused decedent's injuries, nonetheless the instrumentalities that caused those injuries were under the exclusive management and control of the Defendant at the time decedent was injured.  Decedent's own conduct did not contribute to the injuries in any way, and but for the negligence of the Defendant, decedent, Robert Sydney Mosley would not have been injured.  Plaintiff therefore invokes the doctrine of res ipsa loquitur to establish negligence on the part of the Defendant. Decedent, Robert Sydney Mosley, Sr. was transferred to the medical unit of the Bexar County Sheriff's Office operated by Defendant, University Hospital, on or about July 25, 2015, and was, at that time, under the care and control of Defendants.  Defendants owed decedent the duty to provide proper care and protection, and in the exercise of that duty the Defendants were required to provide such reasonable care as Plaintiff's condition which was known, or should have been

known, required.  This includes the duty to guard against the foreseeable consequences of the patient's injury, condition, or treatment.   The Defendants, by and through its agents and employees, violated or breached this duty owing to the Plaintiff.

37.     **Proximate Cause**.  Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

38**.     Survival Damages.**   As a proximate result of the occurrence made the basis of this suit, Robert Sidney Mosley, Sr., sustained severe bodily injuries, consisting of a fractured hip.   The decedent was transported from the scene of the incident to Metropolitan Methodist Hospital, where the decedent was under the care of physicians, surgeons, and nurses. The estate of the decedent has paid or incurred liability to pay the reasonable and necessary charges for medical care and treatment.  As a proximate result of the occurrence made the basis of this suit Robert Sidney Mosley, Sr. died on July 26, 2015, after several hours of conscious pain and suffering. The estate of the decedent has paid or incurred liability to pay a reasonable and customary charge for funeral and burial expenses.

39**.     Decedent's Condition at Death.**  The decedent was 54 years of age at the time of his death. He was in reasonably good health, with a life expectancy of 28 years. During his lifetime, the decedent was industrious and energetic and a good father.  He performed numerous and usual tasks in and about the family residence, and gave advice, counsel, comfort, care, and protection to his family.

40.     **Damages to Decedent's Children.**   Robert Sydney Mosley, Jr. Vincent Mosley, and Felicia Mosley have suffered pecuniary loss from the death of their father, Robert Sydney Mosely, Sr., including losses of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from their father during his lifetime had he lived.  They have suffered additional losses by virtue of the

destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. They have suffered severe mental depression and anguish, grief, and sorrow as a result of the death of their father, Robert Sydney Mosley, Sr., and are likely to continue to suffer for a long time in the future. For these losses, Plaintiff seeks damages in a sum within the jurisdictional limits of the Court.

41.     **Damages to Decedent's Parents.**     Louise Mosley, has also suffered pecuniary loss from the death of her son, Robert Sydney Mosley, Sr. The decedent provided his mother with care, attention, and counsel in her day-to-day affairs. In all reasonable probability, the decedent would have continued to so provide for his mother until her death. Louise Mosley was 89 years of age at the time of the decedent's death, and has a reasonable life expectancy of 7 years. She has suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. She has suffered severe mental depression and anguish, grief, and sorrow as a result of the death of her son, Robert Sydney Mosley, Sr., and is likely to continue to suffer for a long time in the future. For these losses, Plaintiff seeks damages in a sum within the jurisdictional limits of the Court.

42.     **<u>Exemplary Damages</u>.** Defendants acts or omissions described above, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

43.     **<u>Request for Disclosure</u>**. Plaintiff hereby requests the Defendants to disclose, within 51 days of service of this request, the information and material set forth in Rule 194.1(a)-(l) of the Texas Rules of Civil Procedure.

44.     **Interrogatories**.  Please take notice that pursuant to Rule 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories, marked hereto as Exhibit A, to be propounded upon the Defendants, University Hospital, Bexar County, and Bexar County Sheriff's Office.  The attached interrogatories are incorporated by reference as if set forth fully at length.  Defendants, University Hospital, Bexar County, and Bexar County Sheriff's Office, are hereby instructed to answer the interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.  Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.  Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

45.     **Request for Production**.  Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure Defendants, University Hospital, Bexar County and Bexar County Sheriff's Office, are requested to produce or permit the undersigned attorney, to inspect and copy or reproduce the items hereinafter designated on Exhibit "B" attached hereto.  Within 50 days after service of these Requests for Production, you must serve a written response to the undersigned attorney including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.  In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.  Further, demand is made for supplementation of your Responses to the Request for Production as required by the Texas Rules of Civil Procedure.

46.   **Jury Demand**.  Plaintiff hereby demands a trial by jury.

WHEREFORE, the plaintiff requests that the defendants be cited to appear and answer, and that on final trial the plaintiff have:

1.   Damages within the jurisdictional limits of this Court in recompense the loss of affection and companionship of the decedent, as described above, and the loss of the pecuniary support from the decedent, as described above, together with prejudgment interest from July 26, 2015, as provided by law, and postjudgment interest as provided by law from the date of judgment until paid.

2.   Damages within the jurisdictional limits of this Court in recompense for the loss of pecuniary support from the decedent, as described above, for as many years as the decedent would likely have lived in the future, together with prejudgment interest thereon from July 26, 2015, as provided by law, and postjudgment interest as provided by law from the date of judgment until paid.

3.   Costs of suit.

4.   Such other and further relief to which the plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF OSCAR M. TELFAIR III
Attorney and Counselor at Law
2440 Texas Parkway, Suite 150
Missouri City, TX 77489
(281) 437-1600 Tel
(281) 437-5777 Fax


/s/Oscar M. Telfair III_____
Oscar M. Telfair III
State Bar No.: 19764280
Email: telfairlaw@aol.com
Attorney for Plaintiff

CAUSE NO.: _____

| | | |
|---|---|---|
| BOBBI KING, attorney-in-fact and/or | § | IN THE DISTRICT COURT OF |
| authorized representative for the heirs of | § | |
| ROBERT SIDNEY MOSLEY, SR., Deceased | § | |
| | § | |
| v. | § | |
| | § | |
| DEPUTY K. PONTON – Badge #2794 | § | |
| (in his/her official capacity); | § | |
| CPL. C. JENKINS – Badge #1755 | § | |
| (in his/her official capacity); | § | |
| DEPUTY S. MACAULEY – Badge #2899 | § | |
| (in his/her official capacity); | § | |
| SGT. K. BROWN – BADGE #1540, | § | |
| (in his/her official capacity); | § | |
| SGT. M. MCALLISTER – BADGE #1650 | § | |
| (in his/her official capacity); | § | |
| HENRIETTA JOHNSON, LVN; | § | |
| (in his/her official capacity); | § | |
| MADELINE GOEDDE, RN; | § | |
| (in his/her official capacity); | § | BEXAR COUNTY, T E X A S |
| AWAIS SHEIKH, M.D.; | § | |
| (in his/her official capacity); | § | |
| TONY MOORE, RN; | § | |
| (in his/her official capacity); | § | |
| RICHARD SOLOMON, RT; | § | |
| (in his/her official capacity); | § | |
| ADRIAN VELAZQUEZ, RT; | § | |
| (in his/her official capacity); | § | |
| KEENA PATEL, RN; | § | |
| (in his/her official capacity); | § | |
| SARAH MCVICAR, RN; | § | |
| (in his/her official capacity); | § | |
| SULEMAN LAKHANI, RN; | § | |
| (in his/her official capacity); | § | |
| MARVIN SAENZ, RN; | § | |
| (in his/her official capacity); | § | |
| JOHN MORRISON, RN; | § | |
| (in his/her official capacity); | § | |
| UNIVERSITY HOSPITAL; | § | |
| BEXAR COUNTY, TEXAS; AND | § | |
| BEXAR COUNTY SHERIFF'S OFFICE | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S INTERROGATORIES TO
## DEFENDANT BEXAR COUNTY & BEXAR COUNTY SHERIFF'S OFFICE

TO:   Bexar County and Bexar County Sheriff's Office, Defendants

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff Bobbi King, as attorney-in-fact and/or authorized representative of the heirs of Robert Sydney Mosley, Sr. serves the attached interrogatories to be propounded to Defendants Bexar County and Bexar County Sheriff's Office.

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICES OF OSCAR M. TELFAIR III
Attorney and Counselor at Law
2440 Texas Parkway, Suite 150
Missouri City, TX 77489
(281) 437-1600 Tel
(281) 437-5777 Fax


_____/s/Oscar M. Telfair III_____
Oscar M. Telfair III
State Bar No.: 19764280
Email: telfairlaw@aol.com
Attorney for Plaintiff

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to Bexar County and/or Bexar County Sheriff's Office, their attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Bexar County and/or Bexar County Sheriff's Office, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

        (a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

        (b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

        (c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

                (i)      the title, heading, or caption, if any, of such document;

                (ii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

                (iii)      the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

                (iv)      the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

                (v)      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

                (vi)      the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

                (vii)      the physical location of the document and the name of its custodian or custodians.

6.      "Settlement": as used herein, means:

        (a)      an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between

any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## INTERROGATORIES

1.      Please state the full name, address, job title and employer of each person answering or assisting in the answering of these Interrogatories.

**ANSWER**:


2.      State those facts that you contend tend to refute Plaintiff's claims or to substantiate any defense of yours.

**ANSWER**:


3.      Please explain in detail any changes that have been made regarding the policies and procedures for monitoring inmates at the Bexas County Jail since the incident made the basis of this litigation.

**ANSWER**:


4.      Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded, stenographically transcribed, oral or otherwise from any person.  If so, please identify the individual from whom the statement was taken and the date the statement was taken.  Please indicate your willingness to allow Plaintiff to inspect and copy or photograph the same.

**ANSWER**:


5.      Please state in full detail each and every contention or denial of liability on any claim made the basis of this suit.  Include in your answer:

    a.      all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

    b.      the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and

    c.      the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER**:

6.     Do you contend that any personal injuries or damages sustained by Robert Sydney Mosley, Sr. were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case?  If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER**:

7.     Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation.

**ANSWER**:

8.     Describe in full detail the incident which is the subject of this cause.

**ANSWER**:

## <u>VERIFICATION</u>

**STATE OF TEXAS**                                    §
                                                     §
**COUNTY OF BEXAR**                                  §


BEFORE      ME,      the      undersigned      authority,      personally      appeared

_____ (name of person signing), on behalf of Bexar County in the

capacity of _____ (position or capacity), who stated, upon oath, that the

statements made in the foregoing instrument are within his or her personal knowledge and are

true and correct.


                                        _____


                                        _____
                                        Name Printed


**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by
_____.


                                        _____
                                        Notary Public, State of Texas

CAUSE NO.: _____

| | | |
|---|---|---|
| **BOBBI KING, attorney-in-fact and/or** | § | **IN THE DISTRICT COURT OF** |
| **authorized representative for the heirs of** | § | |
| **ROBERT SIDNEY MOSLEY, SR., Deceased** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEPUTY K. PONTON – Badge #2794** | § | |
| **(in his/her official capacity);** | § | |
| **CPL. C. JENKINS – Badge #1755** | § | |
| **(in his/her official capacity);** | § | |
| **DEPUTY S. MACAULEY – Badge #2899** | § | |
| **(in his/her official capacity);** | § | |
| **SGT. K. BROWN – BADGE #1540,** | § | |
| **(in his/her official capacity);** | § | |
| **SGT. M. MCALLISTER – BADGE #1650** | § | |
| **(in his/her official capacity);** | § | |
| **HENRIETTA JOHNSON, LVN;** | § | |
| **(in his/her official capacity);** | § | |
| **MADELINE GOEDDE, RN;** | § | |
| **(in his/her official capacity);** | § | **BEXAR COUNTY, T E X A S** |
| **AWAIS SHEIKH, M.D.;** | § | |
| **(in his/her official capacity);** | § | |
| **TONY MOORE, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **RICHARD SOLOMON, RT;** | § | |
| **(in his/her official capacity);** | § | |
| **ADRIAN VELAZQUEZ, RT;** | § | |
| **(in his/her official capacity);** | § | |
| **KEENA PATEL, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **SARAH MCVICAR, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **SULEMAN LAKHANI, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **MARVIN SAENZ, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **JOHN MORRISON, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **UNIVERSITY HOSPITAL;** | § | |
| **BEXAR COUNTY, TEXAS; AND** | § | |
| **BEXAR COUNTY SHERIFF'S OFFICE** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT UNIVERSITY HOSPITAL

**TO:   University Hospital, Defendant**

      Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil

Procedure, Plaintiff Bobbi King, as personal representative of the estate of Robert Sydney Mosley, Sr. serves the attached interrogatories to be propounded to Defendant University Hospital.

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICES OF OSCAR M. TELFAIR III
Attorney and Counselor at Law
2440 Texas Parkway, Suite 150
Missouri City, TX 77489
(281) 437-1600 Tel
(281) 437-5777 Fax


_____/s/Oscar M. Telfair III_____
Oscar M. Telfair III
State Bar No.: 19764280
Email: telfairlaw@aol.com
Attorney for Plaintiff

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to Bexar County, Bexar County's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Bexar County, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)      the title, heading, or caption, if any, of such document;

(ii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)      the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)      the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)      the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)      the physical location of the document and the name of its custodian or custodians.

6.      "Settlement": as used herein, means:

(a)      an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future,

any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

       (b)     any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

       (c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

     7.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## <u>INTERROGATORIES</u>

1.      Please describe in detail your business relationship, if any, with each of the other Defendants named in the Plaintiff's pleading.  Include in your answer a description of any and all agreements regarding employment, services, staffing, personnel, scheduling, equipment, supplies, etc. between you and said other Defendant, and an identification of any and all documents containing or discussing all or part of any such agreement.

**<u>ANSWER</u>**:

2.      Identify any and all documents relating to the incident described in Plaintiff's Pleading that have been destroyed, lost, or altered (i.e., changed in any manner after the document was dated) since the incident occurred, and state when and under what circumstances the destruction, loss, or alteration occurred.

**<u>ANSWER</u>**:

3.      Please state the name, title, current address and telephone numbers for any and all personnel who had primary or secondary responsibilities for the care of Robert Sydney Mosley, Sr. on July 25, 2015.

**<u>ANSWER</u>**:

4.      If you own or operate a hospital or a nursing or osteopathic school, health science center, or other institution providing or participating in a program which provides instruction or training to persons training for a health care profession, and one or more of such other Defendants was, at the time of the incident, a medical or nursing student, intern, medical resident, fellow or other trainee participating in a student, internship, residency, fellowship or other training program with which you were affiliated, then please state as to each such medical or nursing student, medical resident, intern, fellow or other trainee:

Whether such person was participating in a student, internship, residency, fellowship or other training program which was, at the time of the incident, a subject of any written agreement between you and any other institution, and, if so, please:

   a.      Identify each such other institution;

   b.      Identify each document containing or referring to any such agreement; and

   c.      Identify your employee who is most knowledgeable about the operation of such program;

          1.      The dates such person began and concluded such program;

2.      Whether, at the time of the incident, such person worked under the direction, supervision or guidance of any other person, and, if so, identify each person responsible for providing such direction, supervision or guidance; and

3.      Whether such student, resident, intern, fellow or other trainee received any payment or benefit from you or any other sources and, if so, state the source and amount of any such payments and the nature of any such benefits.

**ANSWER**:

5.      Identify every document reflecting policies, procedures, standards of care, or guidelines with respect to any aspect of care being rendered to Robert Sydney Mosley, Sr. by hospital personnel at the time of the incident, and identify every person who participated in formulating any such policies, procedures, standards of care or guidelines.

**ANSWER**:

6.      Please state in full detail each and every contention or denial of liability on any claim made the basis of this suit.  Include in your answer:

a.      All facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

b.      The name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and

c.      The name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER**:

7.      Do you contend that any personal injuries or damages sustained by Robert Sydney Mosley, Sr. were caused by an occurrence other than this incident, such as a disease or physical condition, either before or after the incidents made the basis of this case?  If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER**:

8.      If you contend that someone else's conduct or something else is the "sole proximate cause" of the incident in question, describe in detail the identity of that person, or what exactly caused the incident made the basis of the claim.

**ANSWER**

9.      Please state in detail what you believe caused Robert Sydney Mosley, Sr.'s injury or death as described in Plaintiff's Pleading.

**ANSWER**:

10.     State whether anyone discussed the incident with Robert Sydney Mosley, Sr. or any member of Robert Sydney Mosley, Sr.'s family, and, if so, please identify the persons involved in each such conversation, state the time and place of each and every such occasion, and state what was said by each person involved in said conversation.

**ANSWER**:

11.     Identify any and all documents relating to the incident described in Plaintiff's Pleading that have been destroyed, lost, or altered (i.e., changed in any manner after the document was dated) since the incident occurred, and state when and under what circumstances the destruction, loss, or alteration occurred.

**ANSWER**:

12.     Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER**:

13.     If the insurance policy you have described above is a single limit policy, state what amounts have been paid to any other claimant that would serve to reduce the amount of available coverage under such policy.

**ANSWER**:

<u>**VERIFICATION**</u>

**STATE OF TEXAS**                              §
                                               §
**COUNTY OF BEXAR**                             §


BEFORE        ME,       the        undersigned       authority,       personally       appeared

_____ (name of person signing), on behalf of Bexar County in the

capacity of _____ (position or capacity), who stated, upon oath, that the

statements made in the foregoing instrument are within his or her personal knowledge and are

true and correct.


_____


_____
Name Printed


**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by
_____.


_____
Notary Public, State of Texas

**CAUSE NO.: _____**

| | | |
|---|---|---|
| **BOBBI KING, attorney-in-fact and/or** | § | **IN THE DISTRICT COURT OF** |
| **authorized representative for the heirs of** | § | |
| **ROBERT SIDNEY MOSLEY, SR., Deceased** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEPUTY K. PONTON – Badge #2794** | § | |
| **(in his/her official capacity);** | § | |
| **CPL. C. JENKINS – Badge #1755** | § | |
| **(in his/her official capacity);** | § | |
| **DEPUTY S. MACAULEY – Badge #2899** | § | |
| **(in his/her official capacity);** | § | |
| **SGT. K. BROWN – BADGE #1540,** | § | |
| **(in his/her official capacity);** | § | |
| **SGT. M. MCALLISTER – BADGE #1650** | § | |
| **(in his/her official capacity);** | § | |
| **HENRIETTA JOHNSON, LVN;** | § | |
| **(in his/her official capacity);** | § | |
| **MADELINE GOEDDE, RN;** | § | |
| **(in his/her official capacity);** | § | **BEXAR COUNTY, T E X A S** |
| **AWAIS SHEIKH, M.D.;** | § | |
| **(in his/her official capacity);** | § | |
| **TONY MOORE, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **RICHARD SOLOMON, RT;** | § | |
| **(in his/her official capacity);** | § | |
| **ADRIAN VELAZQUEZ, RT;** | § | |
| **(in his/her official capacity);** | § | |
| **KEENA PATEL, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **SARAH MCVICAR, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **SULEMAN LAKHANI, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **MARVIN SAENZ, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **JOHN MORRISON, RN;** | § | |
| **(in his/her official capacity);** | § | |
| **UNIVERSITY HOSPITAL;** | § | |
| **BEXAR COUNTY, TEXAS; AND** | § | |
| **BEXAR COUNTY SHERIFF'S OFFICE** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANTS, UNIVERSITY HOSPITAL,
## BEXAR COUNTY & BEXAR COUNTY SHERIFF'S OFFICE

**TO:    University Hospital, Bexar County and Bexar County Sheriff's Office, Defendants**

Please take notice that request is hereby made by Bobbi King, as attorney-in-fact and/or authorized representative of the heirs of Robert Sydney Mosley, Sr., pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendants, University Hospital, Bexar County and Bexar County Sheriff's Office, produce or permit the undersigned attorney to inspect and copy or reproduce the items hereinafter designated on Exhibit "A" attached hereto.

Within 50 days after service of these Requests for Production, you must serve a written response to the undersigned attorney, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

Respectfully submitted,

LAW OFFICES OF OSCAR M. TELFAIR III
Attorney and Counselor at Law
2440 Texas Parkway, Suite 150
Missouri City, TX 77489
(281) 437-1600 Tel
(281) 437-5777 Fax


/s/Oscar M. Telfair III
Oscar M. Telfair III
State Bar No.: 19764280
Email: telfairlaw@aol.com
Attorney for Plaintiff

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall mean University Hospital, Bexar County and/or Bexar County Sheriff's Office, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of University Hospital, Bexar County and/or Bexar County Sheriff's Office, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.     Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from July 22, 2015, through the date of production of documents requested herein.

# EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.      All photographs that pertain to this lawsuit in the possession, custody or control of University Hospital, Bexar County and/or Bexar County Sheriff's Office, their attorney or anyone acting on University Hospital, Bexar County and/or Bexar County Sheriff's Office's behalf.

2.      All photographs taken of University Hospital, Bexar County and/or Bexar County Sheriff's Office which may be in the possession, custody or control of University Hospital, Bexar County and/or Bexar County Sheriff's Office, University Hospital, Bexar County and/or Bexar County Sheriff's Office's attorney or anyone acting on University Hospital, Bexar County and/or Bexar County Sheriff's Office's behalf.

3.      All written statements made by University Hospital, Bexar County and/or Bexar County Sheriff's Office that pertain to this lawsuit in the possession, custody or control of University Hospital, Bexar County and/or Bexar County Sheriff's Office, University Hospital, Bexar County and/or Bexar County Sheriff's Office's attorney or anyone acting on University Hospital, Bexar County and/or Bexar County Sheriff's Office's behalf.

4.      All oral statements made by University Hospital, Bexar County and/or Bexar County Sheriff's Office that pertain to this lawsuit which were either recorded or taped on an electronic device or recorder which are in the possession, custody or control of University Hospital, Bexar County and/or Bexar County Sheriff's Office, University Hospital, Bexar County and/or Bexar County Sheriff's Office's attorney or anyone acting on University Hospital, Bexar County and/or Bexar County Sheriff's Office's behalf.

5.      A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about University Hospital, Bexar County and/or Bexar County Sheriff's Office which are in the possession, custody or control of University Hospital, Bexar County and/or Bexar County Sheriff's Office, University Hospital, Bexar County and/or Bexar County Sheriff's Office's attorney or anyone acting on University Hospital, Bexar County and/or Bexar County Sheriff's Office's behalf.

6.      A copy of all medical records, doctor or hospital records, reports or medical documents of any kind containing information about University Hospital, Bexar County and/or Bexar County Sheriff's Office and/or concerning the medical or physical condition of University Hospital, Bexar County and/or Bexar County Sheriff's Office which are in the possession, custody or control of University Hospital, Bexar County and/or Bexar County Sheriff's Office, University Hospital, Bexar County and/or Bexar County Sheriff's Office's attorney or anyone acting on University Hospital, Bexar County and/or Bexar County Sheriff's Office's behalf.

7.      All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation in connection with this lawsuit and whose work product was reviewed in whole or in part by an expert who is to be called as a witness.

8.      A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

9.      Copies of any and all liability insurance policies held by University Hospital, Bexar County and/or Bexar County Sheriff's Office.

10.     Copies of any and all books, documents or other tangible things which may be used at the time of trial of this lawsuit.

11.     Copies of any and all tangible things whose production has not been requested previously in this or other requests which University Hospital, Bexar County and/or Bexar County Sheriff's Office may use as demonstrative evidence at trial.